# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-11174
Conference Calendar

ALVIN COLEMAN

Plaintiff-Appellant

v.

HARRIS, Lieutenant; DEBORE, Sergeant; K HOGAN, Correctional Officer III;
L LOREN, Correctional Officer III

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CV-158

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alvin Coleman, Texas prisoner # 665951, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court held that Coleman failed to allege facts in support of his claim that he was the subject of retaliatory disciplinary action and certified that Coleman's appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If we uphold the district court's certification that the appeal is not taken in good faith and the appeal is frivolous, we may dismiss the appeal sua sponte under 5TH CIR. R. 42.2. See Baugh v. Taylor, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

Although Coleman contends that, "after [he] filed litigation against prison officials, [the defendants] retaliated against [him] with false disciplinary punishment," he fails to provide specific facts to establish a claim of retaliation or from which a retaliatory motive may be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir. 1988). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Coleman has not shown that the district court's certification that an appeal would not be taken in good faith is incorrect.

The appeal is without arguable merit and, thus, frivolous. See Howard, 707 F.2d at 219-20. Accordingly, Coleman's request for leave to proceed IFP is denied, and his appeal is dismissed. See Baugh, 117 F.3d at 202; 5TH Cir. R. 42.2. The district court's dismissal of Coleman's § 1983 suit pursuant to § 1915(e)(2)(B) and the dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Coleman has one previous strike. Coleman v. Wortham, No. 5:00-CV-181-C (N.D. Tex. Aug. 17, 2001), aff'd, 2002 WL 1860327 at *1 (5th Cir. June 18, 2002). Because Coleman has now accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.